IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKIE DONNELL FRAZIER, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00726 |
| SHELLEY THOMPSON GARDNER, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rickie Frazier, an inmate of the Trousdale County Jail in Hartsville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), as well as an application for leave to proceed in forma pauperis (IFP) (Doc. No 2) and a motion for appointment of counsel. (Doc. No. 5.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is

---
[1] Although prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the

**ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. LEGAL STANDARD

The Court is required to screen the Complaint in order to determine whether its claims are cognizable, or whether it (or any portion of it) must be dismissed because it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see id.* § 1915A(b), 42

---

$350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

U.S.C. § 1997e(c).

The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This review only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. ALLEGATIONS AND CLAIMS

Plaintiff sues the Public Defender and two Assistant Public Defenders for the Fifteenth Judicial District in Lebanon, Tennessee, as well as the Trousdale County Sheriff and two deputies who are employed at the Trousdale County Jail, asserting a violation of his Sixth Amendment right to counsel. (*See* Doc. No. 1 at 2–4, 6.) He alleges that on July 6, 2022, the court-appointed Assistant Public Defenders, Defendants Sharon Linville and John Gholson, IV, visited him at the Jail "to discuss pending charges." (*Id.* at 8.) During Plaintiff's discussion with his attorneys, Deputies Shane Burton and Micheal (sic) Stafford remained in the room and overheard the discussion "about the specifics of [Plaintiff's] case/charges," which was also captured on a video recording. (*Id.* at 9.) In a subsequent pleading (construed together with the Complaint for purposes of initial review), Plaintiff asserts that he and counsel specifically discussed "holds in other counties as well as probation/parole violations," "what transpired leading up to the [current] charges," and "an offer [Plaintiff] would [accept]." (Doc. No. 4 at 1.) When counsel asked Plaintiff whether he had a parole violation, Deputy Stafford spoke up to confirm Plaintiff's answer that he did not. (*Id.* at 2.) Plaintiff claims that the attorney-client privilege was violated by allowing the two Jail deputies to remain in the room during his meeting with counsel. (*Id.*) He alleges that he suffered "mental unrest" and "mistrust" in his attorneys for allowing jail officials access to this meeting with him. (Doc. No. 1 at 9.) As compensation for this mental distress, Plaintiff seeks an award of damages against each Defendant. (*Id.*)

III. ANALYSIS

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d

580, 583 (6th Cir. 2012). Thus, to state a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Plaintiff sues two groups of Defendants, his criminal defense attorneys and his jailers, for their roles in violating his right to privately consult with counsel on privileged matters related to his defense. However, for a government intrusion into confidential attorney-client communications to amount to a constitutional violation, the intrusion must be not only intentional, but also potentially or actually prejudicial to the defense in the criminal case. *Lakin v. Stine*, No. 99-1529, 229 F.3d 1152 (Table), 2000 WL 1256900, at *4 (6th Cir. 2000) (citing, *e.g.*, *Weatherford v. Bursey*, 429 U.S. 545 (1977) (finding that lack of purposeful intrusion by government agent and lack of "communication of defense strategy to the prosecution" doomed Section 1983 claim)); *United States v. Steele*, 727 F.2d 580, 586 (6th Cir. 1984) ("Even where there is an intentional intrusion by the government into the attorney-client relationship, prejudice to the defendant must be shown before any remedy is granted."). In *Lakin*, the Sixth Circuit found that the constitutional right to counsel was not violated when prison guards remained in the room during a pretrial meeting with counsel, because "Lakin contended that the guards were present, but did not state how this intrusion limited communication with [counsel] or prejudiced his case." 2000 WL 1256900, at *4. Similarly, in the case before this Court, Plaintiff alleges that the guards overheard confidential discussions concerning sensitive matters such as acceptable plea-bargain parameters, but the only resulting injury he claims is mental distress and fear. (*See* Doc. No. 1 at 9.) He does not claim that the alleged breach of attorney-client privilege has resulted or will result in any prejudice to his criminal defense. Accordingly, Plaintiff has not adequately alleged a deprivation

of rights secured by the Constitution or laws of the United States.

Even if Plaintiff had plausibly alleged a constitutional violation (and thus could go forward against state actors such as, perhaps, the jailers), the claim could not go forward against the public defenders in particular. Despite being employed by the State, public defense attorneys "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981), because in that role they are obliged "to act in a role independent of and in opposition to the State." *West v. Atkins*, 487 U.S. 42, 50 (1988). Accordingly, District Public Defender Gardner and Assistant Public Defenders Gholson and Linville are entitled to dismissal of the Section 1983 case against them on this alternative ground as well.

## CONCLUSION

For the above reasons, Plaintiff's IFP application (Doc. No. 2) is **GRANTED**, the $350 filing fee is **ASSESSED** against his inmate trust account, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

In light of this disposition, Plaintiff's Motion for Appointment of Counsel (Doc. No. 5) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE